UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
ANTHONY M. AUGUSTA,

                         Plaintiff,                               ORDER
                                                                            CV 07-361 (JG) (ARL)

       -against-

COMMUNITY DEVELOPMENT CORP., INC.,

                         Defendant.
--------------------------------------------------------------X
LINDSAY, United States Magistrate Judge:

       Before the court are several letters from the parties. By letter dated June 17, 2008, the
defendant seek an unspecified extension of the July 1, 2008 discovery deadline and an order
directing the plaintiff, *pro se*, to answer questions relating to his relationship, visitation and
custody rights with regard to his daughter, Pearl Augusta. The plaintiff refused to answer
questions concerning this subject matter during his deposition. Defendant asserts that this
information is relevant to the issues raised in the complaint given the plaintiff's allegation that he
became homeless and estranged from his daughter as a result of the defendant's alleged
interference with his Section 8 voucher. Defendant also seeks to recover its expenses, including
attorney's fees, incurred in connection with this application. Plaintiff has not responded to the
defendant's letter.

       Defendant also moves by letter dated June 18, 2008 for an order compelling the plaintiff
to: (1) execute an authorization for the release of records concerning the plaintiff from the New
York State Division of Housing and Community Renewal (DHCR), the statewide administrator
for the Section 8 housing program in New York; (2) execute authorizations for the release of
records concerning the plaintiff's drug and alcohol treatment and mental health treatment from
St. Vincent's Hospital, Lake Grove Treatment Center, St. Joseph Rehab, Southside Hospital, St.
Lukes Roosevelt Hospital Center, the Addiction Institute of New York Patient Detoxification
Unit and Odyssey House/Volunteers of America Camp Laguardia; and (3) produce all pleadings,
motions, court orders, hearing transcripts, reports of Child Protective Services, documents
prepared by the law guardian of Pearl Augusta, and any other written documents, letters, or court
documents relating to proceedings wherein he seeks custodial rights relative to Pearl Augusta.
Again, the defendant argues that it is entitled to this discovery because it is relevant to the
plaintiff's claim he became homeless and estranged from his daughter as a result of the
defendant's alleged interference with his Section 8 voucher. Plaintiff has not responded to this
application either.

       The court finds that although the discovery sought by the defendant concerning the
plaintiff's relationship with his daughter and his history of drug and alcohol and mental health
treatment is relevant to the issues in this case, its demands are overly broad because they are not
restricted to the time period relevant to the events alleged in the complaint. Given that the
complaint alleges that plaintiff's Section 8 voucher was taken in January 2005 because he was

accused of selling drugs and that as a result he spent the next three years homeless and became estranged from his child, the time period for discovery is limited to January 1, 2004 through December 31, 2007. Similarly, the authorization for the release of records from DHCR concerning the plaintiff should be limited to January 2004 through December 31, 2007. Accordingly, plaintiff is directed to sign the authorizations with these time periods and return them to the defendant by July 10, 2008. Plaintiff is ordered to appear for the completion of his deposition at a mutually convenient time and to respond to the defendant's questions concerning his relationship with his daughter and his visitation and custody rights with regard to her. Alternatively, plaintiff may withdraw his claim insofar as it alleges that his estrangement from his daughter is a direct result of the defendant's conduct. Defendant's request for costs and fees is denied.

Given these rulings, a sixty-day extension of the discovery deadline is warranted. Accordingly, all discovery (fact and expert) shall be completed by September 1, 2008. Any party seeking to make a dispositive motion shall take the first step in the motion process by September 15, 2008. The parties are referred to the individual practices of the assigned district judge in this regard. The final conference before the undersigned is adjourned to **September 26, 2008 at 11:00 a.m.** The parties shall file their proposed joint pretrial order in advance of the final conference.

Finally, the plaintiff has submitted a Notice objecting to the deposition of Carol Mayo. See Docket Entry 34, filed on June 19, 2008. According to the plaintiff, Ms. Mayo is an adverse party in a current custody proceeding concerning his daughter now pending in Suffolk County Family court. Defendant has not responded to plaintiff's submission. Although it is unclear whether the defendant has served a subpoena on this non-party witness or whether the plaintiff seeks a protective order pursuant to Rule 26(c), the plaintiff may not assert the rights of a non-party absent special circumstances under either rule. See Fed. R. Civ. P. 26(c)(1); Ehrlich v. Incorporated Village of Sea Cliff, CV 04-4025(LDW)(AKT), 2007 WL 1593211, at *1 (E.D.N.Y. May 31, 2007). Accordingly, the plaintiff's application is denied.

Dated:  Central Islip, New York
      July 2, 2008              **SO ORDERED:**

                          /s/

                      _____

                      ARLENE LINDSAY
                      United States Magistrate Judge